IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON SHERWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:14-cv-01938 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Knowles |
| f/n/u JONES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff Jason Sherwood (#388040), an inmate at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983, seeking compensatory, punitive, and nominal damages against f/n/u Jones, f/n/u Cogswell, f/n/u Sullivan, f/n/u Castell, and Warden f/n/u Chapman in their individual and official capacities. (Doc. No. 6.) At the time of the events set forth in the complaint, all defendants allegedly were employees of the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, where the plaintiff formerly was incarcerated. The plaintiff also has submitted two motions for appointment of counsel. (Doc. Nos. 3, 8.)

I. **Standard of Review**

Under the Prison Litigation Reform Act ("PLRA"), this Court must conduct an initial screening of a prisoner's *pro se* complaint against a governmental entity or official. The Court must dismiss the complaint *sua sponte* before service on any defendant if the complaint asserts claims that are frivolous or malicious, fails to state claims upon which relief can be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

The plaintiff brings this action pursuant to 42 U.S.C. § 1983. The statute creates a cause of

action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## II.    Analysis

### A.    Defendant Casteel must be dismissed.

The plaintiff names f/n/u Castell as a defendant. However, there are no allegations in the complaint connecting Casteel to any wrongdoing. (*See* Doc. No. 6 at 1-6.) In fact, Castell is not even mentioned in the body of the complaint. (*Id.*) A plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). The plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

Because the plaintiff's allegations omit how Casteel was personally involved in the acts about which the plaintiff complains, the Court will dismiss the plaintiff's Section 1983 claims against Casteel for failure to state claims upon which relief can be granted.

### B.    The plaintiff's official capacity claims for monetary damages must be dismissed.

To the extent that the plaintiff seeks monetary damages against any defendant in his or her

official capacity, those claims are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989). Thus, those claims must be dismissed.

### C. The plaintiff's medical treatment claims must be dismissed.

In the plaintiff's Declaration submitted in support of his complaint, the plaintiff alleges that he did not receive proper medical treatment after the alleged attack by defendants Cogswell and Jones. (Doc. No. 9 at 9.) To establish a violation of his Eighth Amendment constitutional rights resulting from a denial of adequate medical care, the plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

A prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 107. Further, where a prisoner has received some medical attention but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

Here, the plaintiff admits that x-rays were taken after the alleged attack by Cogswell and Jones, but the plaintiff believes that an MRI or a CT scan was necessary. The plaintiff admits that

he was held in the SCCF infirmary overnight for observation and was checked every four hours by medical staff. The plaintiff states that he felt dizzy and nauseous on the day after the alleged attack but the medical staff told him to "lay down, it will wear off." (Doc. No. 9 at 2.) The plaintiff believes he should have received additional medical treatment.

The complaint shows that the plaintiff received some medical treatment after the alleged attack. Although the plaintiff disagrees with the manner in which he has been treated, a prisoner's disagreement with a course of medical treatment does not state a federal constitutional claim. Furthermore, even if the plaintiff's medical treatment was allegedly deficient in some manner, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 105-06. Simply put, an inmate is not entitled to the "best" medical treatment available. *Bemer v. Corr. Med. Serv's*, No. 10-12228, 2012 WL 525564, *7 (E.D. Mich. Jan. 27, 2012). The plaintiff in this case has received some medical attention; therefore, he has not established that the defendants acted with deliberate indifference to his medical needs. As such, his claims must fail.

**D.     The plaintiff's due process claims must be dismissed.**

The plaintiff further alleges that, on July 25, 2014, when the plaintiff was transferred from SCCF to MCCX, several items of his personal property were stolen or destroyed, including a television, radio, new tennis shoes, Bible, legal papers, calculator, reading glasses, wallet, toothpaste, headphones, extension cord, cable splitter, earbuds, hat, envelope, soap, cereal bowl, cup, soap dish, toothbrush holder, sunglasses, pain medicine, talcum powder, writing paper, 7 magazines, 4 batteries, gym shorts, and a sewing kit. The plaintiff alleges that these items were stolen or destroyed as retaliation for the plaintiff complaining about his attack by Jones and Cogswell. (Doc. No. 9.)

A prisoner's claim for the loss of personal property fails to state a cognizable action under Section 1983 even if the loss of property was the result of intentional misconduct. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). This general proposition is inapplicable only when the state fails to provide an inmate with an adequate post-deprivation remedy. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982). In this regard, Tennessee's statutory post-deprivation remedy has been found to satisfy the requirements of due process. *McLaughlin v. Weathers*, 170 F.3d 577, 581-81 (6th Cir. 1999). The plaintiff has availed himself of Tennessee's claims procedure. (Doc. No. 9 at 21-32.) Therefore, in the absence of any allegations that the plaintiff has been denied the due process safeguards guaranteed to him by state law, the plaintiff has failed to state a claim upon which relief can be granted.

### E. The complaint states an actionable excessive force claim.

The plaintiff alleges that on July 22, 2014, while incarcerated at SCCF, officers Jones and Cogswell sprayed pepper-spray in the plaintiff's eyes, after which Cogswell struck the plaintiff's head repeatedly with his knees and Jones repeatedly punched the plaintiff in the ribs. The plaintiff alleges that the defendants' attack was without provocation. (Doc. Nos. 1, 6, 9.)

The court finds that the plaintiff states actionable Fourth Amendment claims pursuant to § 1983 for the use of excessive force against defendants Cogswell and Jones in their individual capacities. Further, the court finds that it is appropriate for process to issue on the plaintiff's claims against Sullivan and Chapman as the plaintiff contends that these defendants played direct roles in returning the plaintiff to the prison compound after being assaulted, placing the plaintiff in imminent danger of another unprovoked attack by Jones and Cogswell. Although it is unclear whether the plaintiff can prevail on any of these claims, the court finds that the allegations of the complaint are

sufficient to withstand the required screening under the PLRA.

### III. Motions to Appoint Counsel

The plaintiff has requested the appointment of counsel in his *pro se* federal civil rights case. (Doc. Nos. 3, 8.) He states that he needs an attorney since he is unable to afford counsel, his imprisonment limits his ability to prosecute his case, the issues in his case are complex, and he is a layperson not trained in the law. (*Id.*) The plaintiff states that he has made repeated efforts to obtain a lawyer to no avail. (*Id.*)

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

The plaintiff's circumstances as described are typical to most prisoners and do not suggest anything exceptional in nature. Therefore, the motions for the appointment of counsel will be denied at this time. Should the plaintiff's circumstances change over the course of this litigation, he may renew his request for appointment of counsel.

### IV. Conclusion

As set forth above, the court finds the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to the following claims and defendants: all claims

against defendant Casteel; all claims for monetary damages against all defendants in their official capacities; plaintiff's denial of medical treatment claims; and plaintiff's due process claims. These claims and defendants therefore will be dismissed.

However, the court finds that the complaint states colorable excessive force and failure to protect claims under the Eighth Amendment pursuant to 42 U.S.C. § 1983. The case will proceed as to these claims and against defendants Jones, Cogswell, Sullivan, and Chapman in their individual capacities.

The plaintiff's motions for appointment of counsel (Doc. Nos. 3, 9) will be denied.

An appropriate order will be entered.

_____
JOHN T. NIXON
UNITED STATES DISTRICT JUDGE